## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Plageman

v.

Kahn

January 31, 1992

Case No. (Chancery) 8669

BY JUDGE WILLIAM L. PERSON, JR.

After review of the law and briefs filed in the above mater, the court grants Complainants' Motion for Summary Judgment in favor of the Complainants (Plagemans) against Defendants (Kahns). The contract in regards to Lot A-35 in the Ford's Colony Subdivision entered into between the Complainants and Defendants is valid and binding. The court grants the Complainants' Summary Judgment Motion because the Defendants are estopped from using § 55–511 of the Code of Virginia to avoid the contract.

The Defendants in their brief argue that § 55–511 allows for cancellation of the contract by the buyer of a lot located within a development which is subject to the Virginia Property Owners' Association Act if the buyer is not notified by the seller, in the contract, that the lot is so situated. The Defendants argue that since they were not notified of the Act in the contract, they can now cancel the contract.

The Complainants do not deny the application of 55–511 to this transaction nor the fact that they failed to notify the Defendants of the Act in the contract. The Complainants do, however, argue and the court agrees that the Defendants are estopped from canceling the contract. The Complainants claim the Defendants' ratified the contract when the Defendants contracted to sell the lot to a Third Party (Hune and Zolnier) and later successfully defended the validity of the contract between the Defendants and the Third Party. The Com-

plainants allege that the Defendants' actions imply and assume that the contract between the Defendants and Complainants is valid and that the Defendants are estopped from taking the inconsistent position that the contract between the Complainants and Defendants is invalid and voidable under 55–511.

Under the law of Virginia, "a party is forbidden to assume successive positions in the course of the suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. A litigant is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealing *in pais.*" *Branch v. Grace Street Building Corporation*, 168 Va. 329, 340 (1937). The court agrees with the Complainants that the Defendants' inconsistent actions of ratifying the contract in the litigation with the Third Party works as a clear and unequivocal estoppel.

The Defendants, however, in their brief put forward two main defenses to the Complainants' claim. The first defense has its basis in the Complainants' statutory duty to inform the buyer of the Act and the Complainants' negligence in not so informing the Defendants. The Defendants allege that the Complainants' negligence in failing to notify the Defendants of the Act estop the Complainants from claiming estoppel. Although this is a novel argument, the Defendant only produces out-of-state case support for the proposition, and after further inspection by the court, no Virginia case support could be found. The Complainants admit failing to follow § 55–511 but say the Defendants' subsequent inconsistent actions estop the Defendants from using 55–511. The court agrees with the Complainants and for the above reasons finds the first defense without merit.

The Defendants' second defense to estoppel is that they never waived their right to cancel the contract because they acted without the knowledge that they could cancel the contract using § 55–511. The Defendants state that once they learned of § 55–511, they acted consistently to have the contract in dispute avoided. In response, the Complainants rely on the old maxim that people are presumed to know the law and that no man can plead ignorance of the law when to do so injures another. The Complainants argue that the Defendants should be found to have constructive knowledge of § 55–511 and, thereby, be estopped by their inconsistent activities from relying on 55–511 to avoid the contract. Although the court takes great stock in

the notion that no one can plead ignorance of the law, it need not rely entirely on this basis to strike down the second defense. The Defendants filed suit against the Third Party and during the litigation process discovered the existence of § 55–511. The Defendants, however, continued on with their suit against the Third Party. Such continued activity is inconsistent with the idea of having the contract now in dispute avoided. Based on the above reasons, the court finds the second defense also without merit.

For the stated reasons, the Defendants are estopped and the Complainants' Summary Judgment Motion is granted. It would produce an inconsistent and unacceptable result for the contract in dispute to be avoided as invalid while the later contract between the Defendants and the Third Party has already been found valid.